**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

----------------------------------------------------------------------x

Tom Steinmetz,

Plaintiff,

C.A. No.: ___________________

**DEMAND FOR JURY TRIAL**

-against-

Trans Union, LLC,

Equifax Information Services, LLC,

Experian Information Solutions, Inc.,

Hyundai Capital America, Inc. d/b/a Genesis Finance,

Defendant(s).

----------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Tom Steinmetz ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Trans Union, LLC ("Trans Union"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian" and collectively along with Trans Union and Equifax as "Bureaus"), and Defendant Hyundai Capital America, Inc. d/b/a Genesis Finance ("Genesis" and collectively along with the Bureaus as "Defendants") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**<u>JURISDICTION AND VENUE</u>**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia in the County of Hall.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware corporation registered to do business in the State of Georgia and may be served with process upon Corporation Service Company, its registered agent for service of process located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation with its principal place of business in this State and may be served with process upon Corporation Service Company, its registered agent for service of process located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092..

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Georgia and may be served with process upon C T Corporation System, its registered agent for service of process located at 289 S. Culver Street, Lawrenceville, GA 30046.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Genesis is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Genesis is a service brand of Hyundai Capital America, Inc., which also does business as Hyundai Motor Finance, and may be served with process upon National Registered Agents, Inc., its registered agent for service of process located at 289 S. Culver Street, Lawrenceville, GA 30046.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to Plaintiff's Genesis auto-finance account with account number ending in 2372 ("Account").

18. In or about December 2022, Plaintiff financed a 2023 Genesis GV70 through Genesis (Hyundai Capital America, Inc. d/b/a Genesis Finance).

19. Under the terms of the financing, Plaintiff had the right to prepay the Account after making three payments.

20. Plaintiff made his scheduled monthly payments of $840.26 over the first several months of the Account and thereafter made two additional payments of $25,000 each toward the principal balance.

21. After applying those payments, Genesis provided Plaintiff with a payoff quote of approximately $359, which was good through March 6, 2023.

22. On March 1, 2023, Plaintiff made a payment of $360, thereby satisfying the payoff quote and paying the Account in full.

23. On or around June 23, 2023, Genesis issued Plaintiff a letter confirming in writing that the Account was paid in full.

24. Notwithstanding that the Account was paid in full in 2023, the Account is currently reported on Plaintiff's consumer reports with an outstanding balance of $412 together with late and charge-off notations.

**Genesis Dispute and Violation**

25. Upon information and belief, on dates better known to Trans Union, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

26. The inaccurate information furnished by Genesis and published by the Bureaus is inaccurate because the Account is reported with an outstanding balance in the amount of $412 together with late and/or delinquent payment notations.

27. It is materially misleading to report Plaintiff's Account with a $412 balance and delinquent payment history when, in fact, Plaintiff paid the Account in full in 2023 and owes no balance.

29. Upon information and belief, Equifax reports the delinquent payment notations on the Account only through approximately October 2025, whereas Experian and Trans Union report the derogatory information as continuing to the present, further evidencing the inaccuracy and internal inconsistency of the reporting.

30. Genesis has taken the position that Plaintiff's final payment on the Account was returned. It was not. The funds left Plaintiff's bank account and were never returned to Plaintiff.

31. Plaintiff's Capital One account statement for March 2023 reflects the payment Plaintiff made on March 1, 2023 and does not reflect any return of those funds.

32. Moreover, Genesis issued its written confirmation that the Account was paid in full in June 2023 — months after the payment at issue — which is irreconcilable with any claim that the payment was later returned or that a balance remained due.

33. By reporting the Account as delinquent and with an outstanding balance, the Defendants give the false impression to potential lenders that Plaintiff was irresponsible and failed to pay his balance in full.

34. Late payments and an outstanding balance on an account that was paid in full are considered serious derogatory information in the credit reporting world.

35. In fact, Plaintiff was never late on the Account and paid the Account in full in 2023.

36. Plaintiff disputed the Account with the Bureaus by sending a detailed dispute letter dated March 20, 2025, which was delivered no later than March 27, 2025 ("Dispute").

37. Additionally, Plaintiff included with his Dispute the June 2023 letter from Genesis, which confirmed that the Account was paid in full, together with additional supporting documentation.

38. Upon information and belief, the Bureaus sent Genesis notice of Plaintiff's Dispute.

39. Upon receipt of Plaintiff's Dispute from the Bureaus, Genesis failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

40. Had Genesis done a reasonable investigation of Plaintiff's Dispute, it would have been revealed to Genesis that the Account was paid in full in 2023 and that no balance or delinquency was owed.

41. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any

of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

42. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

43. Had the Bureaus conducted a reasonable investigation of Plaintiff's dispute, it would have been revealed to the Bureaus that the outstanding balance and delinquent payment history were improperly listed.

44. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

45. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

46. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on Plaintiff's credit report in the form of hard and soft pulls.

47. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to the Bureaus)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

50. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

51. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

52. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE**, Plaintiff, Tom Steinmetz, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to the Bureaus)**

56. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

58. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

59. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

60. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

61. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

62. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Tom Steinmetz, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Genesis)**

64. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

65. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

66. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

69. Genesis violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same; and by failing to correctly report the results of an accurate investigation to the credit reporting agencies.

70. As a result of the conduct, action and inaction of Genesis, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The conduct, action and inaction of Genesis was willful, rendering Genesis liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Tom Steinmetz, an individual, demands judgement in his favor against Genesis for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Genesis)**

73. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

75. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

76. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

77. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

78. Genesis is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

79. After receiving the Dispute Notice from the Bureaus, Genesis negligently failed to conduct its reinvestigation in good faith.

80. A reasonable investigation would require a furnisher such as Genesis to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

81. The conduct, action and inaction of Genesis was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

82. As a result of the conduct, action and inaction of Genesis, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Tom Steinmetz, an individual, demands judgement in his favor against Genesis for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

84. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2); and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 5, 2026

Respectfully Submitted,

/s/Misty Oaks Paxton
Misty Oaks Paxton, Esq.
The Oaks Firm
3895 Brookgreen Pt
Decatur, GA 30034
404-500-7861
attyoaks@yahoo.com
*Attorney for Plaintiff*